**Return Date & Time:**
September 16, 2026 at 10:00 AM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————x
IN RE:

PANCHES M BANDO,
Debtor.
———————————————————x

Chapter 13
Case No. 26-22418-DSJ

**NOTICE OF MOTION SEEKING DISGORGEMENT OF ATTORNEY'S FEES**

PLEASE TAKE NOTICE, that upon the within application, the Chapter 13 Trustee will move this court before the Honorable David S. Jones, U.S. Bankruptcy Judge, at the United States Bankruptcy Court, VIA ZOOM on the 16th day of September, 2026 at 10:00 AM, or as soon thereafter as counsel can be heard, for an Order pursuant to 11 U.S.C. §§ 105, 329(b), 330 and Federal Rules of Bankruptcy Procedure 2016 & 2017 requiring the denial, disallowance, and disgorgement of compensation for legal fees of Bleichman, Klein and Katz. for failing to adequately represent their client in this Chapter 13 case, and for such other and further relief as may seem just and proper.

**PLEASE TAKE FURTHER NOTICE, that any hearing on the within application will be held by Zoom video conference only. No in-person hearing will be held in the Courthouse, unless otherwise subsequently ordered by the Court. Participants are required to register their appearance at:**
**https:// ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl 48 hours before the scheduled hearing.**

Responsive papers shall be filed with the Bankruptcy Court and served upon the Chapter 13 Trustee, Thomas C. Frost, Esq., as well as the United States Trustee, no later than seven (7) days prior to the hearing date set forth above. Any responsive papers shall be in conformity with the Federal Rules of Civil Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

Date: White Plains, New York
August 6, 2026

/s/ *Rebecca Richards*______________
By: Rebecca Richards (RR-2686)
Staff Attorney for Thomas C. Frost
Chapter 13 Trustee
399 Knollwood Road, Suite 102
White Plains, NY 10603
(914) 328-6333

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
IN RE:

PANCHES M BANDO,

Debtor.
---------------------------------------------------------X

**Hearing Date**:
September 16, 2026 at 10:00am

Chapter 13
Case No: 26-22418-DSJ

**APPLICATION**

TO THE HONORABLE DAVID S. JONES, U.S. BANKRUPTCY JUDGE:

Rebecca Richards, Esq., Staff Attorney for the Standing Chapter 13 Trustee in the above-captioned estate, respectfully represents the following:

1. The Debtor filed a petition under the provisions of 11 U.S.C. Chapter 13 on April 27 2026 and, thereafter, THOMAS C. FROST was duly appointed and qualified as Trustee.

2. I am a Staff Attorney for Thomas C. Frost, Chapter 13 Trustee (hereinafter the "Trustee") and as such am fully familiar with the facts and circumstances set forth herein.

3. The Trustee makes this Motion and application pursuant to 11 U.S.C. §§ 105, 329(b), 330 and Federal Rules of Bankruptcy Procedure 2016 & 2017 seeking the denial, disallowance and disgorgement of compensation for legal fees of Bleichman, Klein and Katz (hereinafter "Counsel") for failing to adequately represent their client in this Chapter 13 case given the many deficiencies in the Sale Motion, the issues raised at the 341(a) Hearing and Counsel's submission of the Sale Motion with false case citations that were possibly generated by an artificial intelligence tool. The fees of $5,000.00 already received pre-petition are unreasonable considering the nature and quality of the services rendered by Counsel.

## I. THE TRUSTEE RESPECTFULLY REQUESTS THE COURT CONSIDER DISGORGEMENT OF COUNSEL FEES DUE TO COUNSEL'S SUBMISSION OF A SALE MOTION THAT INCLUDED FALSE CASE CITATIONS THAT WERE POSSIBLY GENERATED BY AN ARTIFICIAL INTELLIGENCE TOOL AND FOR ANY FURTHER RELIEF AS DEEMED APPROPRIATE

4. On June 15, 2026, a Motion for Sale of Real Property (hereinafter the "Sale Motion") was filed by Debtor's Counsel regarding the premises located at 5 Margo Court, Airmont, NY (the

"Property").

5. The Trustee filed Opposition to the Sale Motion on July 1, 2026, on July 8, 2026, NewRez LLC d/b/a Shellpoint Mortgage Servicing as servicer for US Bank Trust National Association, Not In Its Individual Capacity But Solely As Owner Trustee For VRMTG Asset Trust filed its Objection to the Sale Motion ("NewRez Objection") and on July 23, 2026, Citizens Bank, N.A. filed its Objection to Sale Motion ("Citizens' Objection"). (See Trustee Objection, ECF No. 11; NewRez Objection, ECF No. 13 and Citizens' Objection, ECF No. 14).

6. The Trustee's Opposition, NewRez's Objection and Citizens' Objection all raised the issues as to the lack of evidence presented of any marketing efforts in the Sale Motion to show the contract price is the highest and best offer and that the sale would be in the best interest of the estate.

7. As noted by the Court at the initial hearing of the Sale Motion on July 15, 2026, the Debtor's Memorandum of Law contains false case citations that were possible generated by an artificial intelligence tool ("AI").

8. While the use of AI is not prohibited, Counsel still has fundamental duties under Rules of Professional Conduct that impose clear obligations on attorneys to verify the accuracy and integrity of all representations made to the Court including Rule 1.1 (Competence) and Rule 3.3 (Candor Toward the Tribunal). Failure to verify AI content before submitting it to the Court is at the very least a failure to exercise reasonable due diligence and reflects a severe lapse in professional responsibility.

9. In the Sale Motion, Counsel cites only three cases in its Memorandum of Law to support its Sale Motion whereby the Debtor is seeking approval of a short sale and none of the citations are correct nor do the cases necessarily stand for the propositions for which they are cited. The case citations in the Memorandum of Law are as follows : (i) *Ray v. Norseworthy*, 90 US (23 Wall) 116(128) (1875); (ii) *Cont. Ill. Bank v. Chicago, Rock Island & Pacific Ry. Co.*, 200 US 648, 55 SCt. 595, 79 Led 1110 (1005); and (iii) *Citicorp Homewners [sic] v. Elliot (In Re Elliot)* 00 BR 343 (ED Pa., 1988).

10. *Ray v. Norseworthy*, 90 US (23 Wall) 116(128) (1875) exists, however, the citation is incorrect. The correct citation is *Ray v. Norseworthy*, 90 U.S. (23 Wall.) 128 (1874) and while Counsel cites the case for the proposition that the "court has the power to sell property free of liens with the liens attaching to the proceeds without the consent of the lienholder". The holding, however, was much narrower in that is focused on procedural due process and that while a bankruptcy court may order the sale of mortgaged property free and clear of existing liens, it cannot extinguish a mortgagee's lien unless the mortgagee receives notice and an opportunity to be heard.

11. *Cont. Ill. Bank v. Chicago, Rock Island & Pacific Ry. Co.*, 200 US 648, 55 SCt. 595, 79 Led 1110 (1005) also exists, however, the citation is incorrect. The correct citation is *Cont'l Ill. Nat'l Bank & Tr. Co. v. Chi., R. I. & P. R. Co.*, 294 U.S. 648, 55 S. Ct. 595 (1935). This case is cited for allowed sales as specified under § 363(f); however, the Court in this case held that Section 77 of the Bankruptcy Act, which governs railroad reorganizations, was constitutional and that a bankruptcy court has the equitable authority to enjoin secured creditors from selling pledged collateral when such sale would impede a successful reorganization.

12. Finally, *Citicorp Homewners [sic] v. Elliot (In Re Elliot)* 00 BR 343 (ED Pa., 1988) also exists, however, the citation is incorrect. The correct citation is *In re Elliot*, 94 B.R. 343 (E.D. Pa. 1988). This case is cited by Counsel for the proposition that implied consent existed and allowed the sale; however, in that matter, the Court found that the Trustee had the authority to sell the property free and clear of all liens where the mortgagee impliedly consented by receiving notice of the sale and failing to object. This is clearly not the case here as two of the three mortgagee's have filed objections to the Sale Motion.

13. As Counsel has cited only to those cases above to support its Sale Motion, and because said citation are false and substantively misleading, the Court should disgorge Counsel Fees even if Counsel may not have known that the AI generated case citation were false.

14. In a similar matter, the Bankruptcy Court in *In Re Martin* found that, "Counsel's professed ignorance of the dangers of using ChatGPT for legal research without checking the results is in some sense irrelevant. Lawyers have ethical obligations not only to review whatever cases they cite (regardless of where they pulled them from), but to understand developments in technology germane to their practice….The bottom line is this: at this point, no lawyer should be using ChatGPT or any other generative AI product to perform research without verifying the results. Period." *In re Martin*, 670 B.R. 636, 648 (Bankr. N.D. Ill. 2025) citing *Lacey v. State Farm Gen. Ins. Co*., No. CV 24-5205, 2025 U.S. Dist. LEXIS 90370, 2025 WL 1363069, at *3 (C.D. Cal. May 5, 2025) ("Even with recent advances, no reasonably competent attorney should out-source research and writing to this technology—particularly without any attempt to verify the accuracy of that material."); *Mid Cent. Operating Eng'rs*, 2025 U.S. Dist. LEXIS 31073, 2025 WL 574234, at *2 ("It is one thing to use AI to assist with initial research, and even non-legal AI programs may provide a helpful 30,000-foot view. It is an entirely different thing, however, to rely on the output of a generative AI program without verifying the current treatment or validity—or, indeed, the very existence—of the case presented.").

15. The *Martin* Court went on to find that " [i]f anything, [Counsel's] alleged lack of knowledge of ChatGPT's shortcomings leads me to do what courts have been doing with increasing frequency: announce loudly and clearly (so that everyone hears and understands) that lawyers blindly relying on generative AI and citing fake cases are violating Bankruptcy Rule 9011 and will be sanctioned." *In re Martin*, 670 B.R. at 649.

16. As Counsel relied solely on cases with false citations for grounds to approve the short sale, and clearly did not verify the accuracy of the possibly AI generated content before submitting it to the Court, it has at minimum failed to exercise reasonable due diligence. Even if the citations were not AI generated, the Trustee's concerns remain and the absolute lack of professionalism and blatant violation of the Rules of Professional Conduct still fall squarely upon Counsel's shoulders.

17. Based on the foregoing, Counsel's retainer fee in the amount of $5,000.00 should be disallowed as they are unreasonable considering the nature and quality of the services rendered by Counsel.

## II. THE COURT HAS THE AUTHORITY TO CANCEL AN AGREEMENT SEEKING EXCESSIVE AND/OR UNREASONABLE FEES IF THEY EXCEED THE VALUE OF SERVICES PERFORMED AND IF COUNSEL FAILS TO ADEQUATELY REPRESENT HIS CLIENT

18. Given, the many deficiencies in the Sale Motion, the issues raised at the 341(a) Hearing and Counsel's submission of the Sale Motion with false case citations that were possibly generated by an AI, the Trustee respectfully requests the denial, disallowance and disgorgement of compensation for legal fees of Bleichman, Klein and Katz for failing to adequately represent their client in this Chapter 13 case.

19. Pursuant to 11 U.S.C. §329(b), a Court may cancel any agreement or order the return of any such part of an agreement for compensation of a debtor's attorney if such compensation exceeds the reasonable value to any such services. *See* 11 U.S.C. §329(b).

20. Section 329(b) provides, in pertinent part:

> [if] such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to . . . (2) the entity that made such payment.

*Id.*

21. An important part of the Chapter 13 Trustee's role in supervising the administration of bankruptcy cases involves a review of debtor's attorney fees. *See In re Grant*, 14 B.R. 567, 568 (Bankr. S.D.N.Y. 1981)(citing *In re Butchman*, 13 B.R. 452 (Bankr. S.D.N.Y. 1980)).

22. If the Trustee obtains sufficient information which he believes raises a question as to the amount of compensation an attorney has received or has agreed to accept, the appropriate procedure is to seek relief in the Bankruptcy Court under 11 U.S.C. §329(b). *Id.*

23. Judges in this district have recognized that upon the motion of a party in interest, Federal Rule of Bankruptcy Procedure 2017(a) directs the Court to determine whether any payment or

transfer of property to an attorney "in contemplation of the filing" of the bankruptcy petition "is excessive." *In re D'Arata,* 587 B.R. 819, 824 (Bankr. S.D.N.Y. 2018); *see also* Fed. R. Bankr. P. 2017(a).

24. In the instant case, the fee agreement between the Debtor and Counsel as reported via the 2016(b) Statement should be reviewed and scrutinized under this same lens and the Trustee felt it important to bring this proposed compensation to the Court's attention.

25. According to the 2016(b) Statement filed on the docket, Counsel is seeking attorney's fees of $5,000.00 from the Debtor, with all $5,000.00 having been paid by Debtor pre-petition . ( *See* Disclosure of Compensation of Attorney for Debtor, ECF Dkt. No. 1 at 51).

26. In considering the value of legal services provided under §329(b), the Court must evaluate "whether the [sum] he was paid was excessive for what he accomplished for debtor in this case." *In re D'Arata,* 587 B.R at 824 (citing *In re Nakhuda,* 544 B.R. 886, 903 (9th Cir. 2016)).

27. The Court has "wide discretion in making this determination so long as the fees at issue are evaluated in light of the services actually performed." *Id*. at 825 (citing *Karsch v. LaBarge (In re Clark),* 223 F.3d 859, 863-64 (8th Cir. 2000)); *see also, In re Chez*, 441 B.R. 724, 730 (Bankr. D. Conn 2010) ("what constitutes reasonableness is a question of fact to be determined by the particular circumstances of each case.")

28. The Debtor's attorney bears the burden of establishing the reasonableness of his/her legal fees being sought in a particular case. *Id. (citing In re Chez,* 441 B.R. at 730).

29. In recognizing the Court's authority to review fees paid to a debtor's attorney, former Chief Judge Gonzalez of the S.D.N.Y. found that "[t]he Court may reduce the compensation if it finds that the amount requested is excessive or of poor quality." *In re Alessandro,* 2010 Bankr. LEXIS 3116 at*5 (Bankr. S.D.N.Y. 2010).

30. Given Counsel filed a Sale Motion that was substantively deficient in that it did not set forth sufficient information to ascertain whether the basic requirements had been met under §363,

the numerous issues raised at the 341(a) Meeting of Creditors including questions regarding the purchaser and the valuation of the Property seeking to be sold and Counsel's submission of a Sale Motion with false case citations that were possibly generated by AI, the Trustee respectfully requests the denial, disallowance and disgorgement of compensation for legal fees of Counsel for failing to adequately represent their client in this Chapter 13 case and as such, the legal fees sought by Counsel in this case are unreasonable and/or excessive.

31. As such, the Trustee respectfully requests the Court exercise its authority under §329(b) and Fed. R. Bankr. P. 2017(a), and utilize its discretion as discussed in *Alessandro*, to find that the legal fees previously received pre-petition ($5,000.00) in this chapter 13 case are unreasonable and/or excessive as the work performed has been of insufficient quality as Counsel has failed to adequately represent his client in this Chapter 13 case.

32. Based on the foregoing, the Trustee respectfully requests that the fees sought by Counsel be denied and disgorged as the Court deems appropriate under the Code provisions cited herein as well as its powers pursuant to 11 U.S.C. § 105(a) to manage its docket and prevent an abuse of the bankruptcy process.

33. Further, it is requested that Counsel be directed to disgorge and return all legal fees received in the amount of $5,000.00 to the Debtor within 10 days of entry of any Order and that immediately upon return of the Legal Fees, Counsel shall file an Affirmation along with proof of payment with the Court via the ECF Docket.

34. Finally, the Trustee respectfully requests that the case be held open for compliance with any Order issued as a result of this application, and that any pending applications for dismissal or conversion be postponed until the Court has determined these matters have been resolved to its satisfaction.

WHEREFORE, the Chapter 13 Trustee respectfully requests the Court enter an Order requiring the reduction and disgorgement of the attorney fees paid to Counsel of Bleichman, Klein and Katz in

the amount of $5,000.00 or in any amount the Court deems to be excessive and/or unreasonable in light of his failure to adequately represent his client, and that Counsel be required to file an Affirmation along with proof of payment on the docket demonstrating his compliance as set forth herein, and for such other and further relief as may seem just and proper.

Dated: White Plains, New York
August 6, 2026

/s/ *Rebecca Richards*
By: Rebecca Richards (RR-2686)
Staff Attorney for Thomas C. Frost
Chapter 13 Trustee
399 Knollwood Road, Suite 102
White Plains, NY 10603
(914) 328-6333

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
IN RE:

PANCHES M BANDO,

Debtor.
---------------------------------------------------------X

Chapter 13

Case No: 26-22418-DSJ

**CERTIFICATE OF SERVICE BY MAIL**

This is to certify that I, Andrew Troll, have this day served a true, accurate and correct copy of the within Notice of Motion, and Affirmation by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

PANCHES BANDO
36 DECATUR AVE
SPRING VALLEY, NY 10977

JOSHUA N. BLEICHMAN, ESQ.
BLEICHMAN & KLEIN
117 SOUTH MAIN STREET, ROUTE 45 SOUTH
SPRING VALLEY, NY 10977

CAROLINE W. T. LANG, ESQ.
COOPER ERVING & SAVAGE LLP
20 CORPORATE WOODS BOULEVARD
SUITE 501
ALBANY, NY 12211

BENJAMIN ALEXANDER GURVITCH, ESQ.
FRIEDMAN VARTOLO LLP
1325 FRANKLIN AVENUE
SUITE 160
GARDEN CITY, NY 11530

This August 6, 2026

/s/ *Andrew Troll*
Andrew Troll
Office of Thomas C. Frost
Chapter 13 Trustee
399 Knollwood Road, Suite 102
White Plains, NY 10603
(914)328-6333

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Chapter 13
Case No: 26-22418-DSJ

IN RE:

PANCHES M BANDO,

Debtor.

**NOTICE OF MOTION, AFFIRMATION**
**AND**
**CERTIFICATE OF SERVICE**

THOMAS C. FRIST, ESQ.
CHAPTER 13 TRUSTEE
By: Rebecca Richards, Esq.
399 Knollwood Road, Suite 102
White Plains, NY 10603
(914) 328-6333