BSD

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICTOF NEW YORK
_____________________________x
IN RE:
Panches Bando
Debtor
_____________________________x

Index No. 26-22418-DSJ
Chapter 13

AFFIRMATION IN OPPOSITION TO CHAPTER 13 TRUSTEE'S MOTION SEEKING DISGORGEMENT OF ATTORNEY'S FEES

TO THE HONORABLE DAVID S. JONES, U.S. BANKRUPTCY JUDGE:

Bleichman, Klein and Katz ("Counsel"), attorneys for Debtor Panches M. Bando (the "Debtor"), respectfully submit this Opposition to the Motion of Chapter 13 Trustee Thomas C. Frost (the "Trustee") seeking denial, disallowance, and disgorgement of Counsel's fees (the "Motion"), and in opposition thereto states as follows:

**PRELIMINARY STATEMENT**

1. The Trustee's Motion rests on two premises, neither of which withstands scrutiny. First, the Trustee assumes that the incorrect case citations appearing in the Memorandum of Law supporting the Motion for Sale of Real Property (the "Sale Motion") were the product of generative artificial intelligence. They were not. As explained in open Court and below, the citation errors were the result of optical character recognition ("OCR") errors introduced when Counsel's research notes and case excerpts were scanned and converted to text — a mechanical, not an artificial-intelligence, error. Second, the Trustee asks the Court to disgorge the entire of $5,000.00 pre-petition fee based substantially on the Sale Motion, which has since been withdrawn and is no longer before the Court.

2. The full remaining record demonstrates that Counsel adequately and competently represented the Debtor: the petition was properly filed with complete schedules and statements

from the information provided by the Debtor, all documents provided by the Debtor were timely furnished to the Trustee, and Counsel appeared with the Debtor at the meeting of creditors under 11 U.S.C. § 341(a). On this record, disgorgement of the entire fee is neither warranted nor supported by § 329(b).

STATEMENT OF FACTS

3. The Debtor retained Counsel to file a Chapter 13 case. Counsel prepared and filed the Debtor's petition, together with schedules, statements of financial affairs, research of the Debtor's assets and liabilities and all other documents required under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

4. Counsel timely furnished all documentation supplied by the Debtor to the Chapter 13 Trustee in connection with the administration of the case. Counsel appeared with the Debtor at the meeting of creditors held pursuant to 11 U.S.C. § 341(a). Counsel also appeared at the scheduled confirmation hearing. Contrary to any suggestion that Counsel failed to perform fully in the case, Counsel and the Debtor fully participated and responded to the questions raised.

3. On June 15, 2026, Counsel filed the Sale Motion on the Debtor's behalf, seeking authority to sell property of the Estate. The Memorandum of Law submitted in support of the Sale Motion cited three actual cases with incorrect case citations, as identified by the Trustee, NewRez, Citizens Bank, and the Court.

4. The erroneous citations were not the product of a generative artificial intelligence tool. Rather, the citations were drawn from Counsel's own research files, which included case excerpts obtained through scanned and OCR-converted documents. OCR conversion of scanned legal text is well known to introduce character- and digit-level transcription errors — for example, misreading a “9” as a “0,” transposing digits, or dropping a decade from a reporter volume or

year — of precisely the kind reflected in the citations at issue (e.g., "1005" for "1935," "00 BR" for "94 B.R."). These are hallmark artifacts of OCR mis-conversion, not of AI-fabricated "hallucinated" case law, which typically manufactures entire case names or holdings that do not exist at all. Here, by contrast, every case cited is a real, existing decision — a fact the Trustee's own Motion concedes at Paragraphs 10 through 12.

5. Significantly, after being alerted to the citation errors, the Sale Motion was promptly withdrawn. The Sale Motion is no longer pending before the Court, and no relief was granted or denied on that motion.

## ARGUMENT

## POINT I
## THE CITATION ERRORS RESULTED FROM OPTICAL CHARACTER RECOGNITION ERRORS, NOT ARTIFICIAL INTELLIGENCE, AND THE UNDERLYING MOTION HAS BEEN WITHDRAWN

6. The Trustee's Motion is built substantially around the premise that Counsel submitted AI-generated "hallucinated" case citations to the Court, and devotes extensive discussion to case law addressing sanctions for that specific form of misconduct. See Motion ¶¶ 7-16 (citing In re Martin, 670 B.R. 636 (Bankr. N.D. Ill. 2025); Lacey v. State Farm Gen. Ins. Co., 2025 WL 1363069 (C.D. Cal. May 5, 2025); Mid Cent. Operating Eng'rs, 2025 WL 574234). That premise does not fit the facts of this case. It seems that the Trustee's motion was prepared before the sale motion was even filed in anticipation of being able to file an AI objection motion.

7. As the Trustee's own motion acknowledges, every one of the three cases cited in the sale motion memorandum of law is a real, existing decision. See Motion ¶¶ 10-12 ("[the case] exists, however, the citation is incorrect"). This distinguishes the present matter sharply from the AI-hallucination cases the Trustee relies upon, in which counsel cited entirely fabricated cases that do not exist in any reporter. The defect here was transcriptional — incorrect volume numbers,

incorrect years, and incorrect reporter abbreviations of the kind that OCR software routinely introduces when converting scanned text (e.g., misreading "1935" as "1005," or "94 B.R." as "00 BR") — not the wholesale fabrication of non-existent authority associated with generative AI misuse.

8. I apologized in open Court and acknowledged that the citation errors should not have appeared in a filing submitted to the Court, and I take full responsibility for the oversight in failing to verify the citations before filing. The motion was withdrawn. The isolated citation-verification lapse, promptly corrected through withdrawal of the motion in which it appeared, is a materially different matter from the knowing or reckless submission of fabricated authority, and does not, standing alone, support disgorgement of the entirety of a fee for the case.

9. Significantly, upon being alerted to the errors I did not attempt to defend or re-litigate the sale motion; I withdrew it. The sale motion is no longer before the Court, no order was entered adverse to any party as a result of the citation errors, and no party was prejudiced by reliance on the incorrect citations, as the sale motion was withdrawn before any substantive ruling was made on its merits.

## POINT II

## THE RECORD DOES NOT SUPPORT A FINDING THAT COUNSEL'S FEE WAS EXCESSIVE OR UNREASONABLE UNDER 11 U.S.C. § 329(b)

10. Section 329(b) authorizes the Court to cancel a fee agreement or order the return of compensation only "to the extent" such compensation "exceeds the reasonable value of any such services." 11 U.S.C. § 329(b). The inquiry is not whether any single filing in the case contained an error, but whether the fee charged is reasonable in light of the totality of services actually rendered. See In re D'Arata, 587 B.R. 819, 824-25 (Bankr. S.D.N.Y. 2018) (dealing with appearance counsel).

11. The record here reflects that Counsel: (a) prepared and filed a complete Chapter 13 petition, together with all required schedules and statements from information provided by the Debtor; (b) timely provided all documentation provided by the Debtor and requested by the Trustee; and (c) appeared with the Debtor at the § 341(a) meeting of creditors and addressed the questions raised there and appeared at the scheduled confirmation hearing. These are the core services for which a Chapter 13 debtor's attorney is retained, and they were all performed.

12. The single episode identified by the Trustee — the citation errors contained in the now-withdrawn Sale Motion — does not, by itself, render the $5,000.00 fee excessive for the full scope of services rendered in this case. Courts evaluating reasonableness under § 329(b) look to the value of services rendered across the engagement, not to an isolated deficiency in a single motion that was promptly withdrawn without prejudice to any party. See In re Chez, 441 B.R. 724, 730 (Bankr. D. Conn. 2010) (fee disclosure and reasonableness is based on the particular facts of the case).

13. To the extent the Court has any residual concern regarding the sale motion specifically, Counsel respectfully submits that the appropriate remedy, if any, is narrowly tailored to that discrete episode — for example, a stern warning — rather than wholesale disgorgement of the entire fee for representation that otherwise met the Debtor's needs throughout the case. It must be noted that the sale motion requested a separate fee for the sale and the time and work involved in writing the motion will go uncompensated. Further, the initial fee charged is much lower than the fee charged in this District for routine chapter 13 cases, which fees are more in the neighborhood of $10,000.00 or double what was charged to the Debtor in this case. Of note, the New Jersey Chapter 13 "no look fee" is $6,000.00.

14. The burden of establishing reasonableness, is satisfied here by the undisputed record that

a complete petition was filed, full cooperation was extended to the Trustee, and Counsel appeared and participated at the § 341(a) meeting and scheduled confirmation hearing, none of which the Trustee's Motion disputes. I can only supply what the Debtor gives me, and yes, I did ask the Debtor for the documents requested by the Trustee.

## CONCLUSION

WHEREFORE Counsel respectfully requests that the Court deny the Trustee's Motion in its entirety, or, in the alternative, limit any relief to a narrowly tailored remedy addressing the withdrawn Sale Motion, and grant such other and further relief as the Court deems just and proper.

Dated: Spring Valley, New York
August 26, 2026

/s/ David Katz
David Katz
Bleichman, Katz & Klein
Attorneys for Debtor
117 South Main Street
Spring Valley, NY 10977
845-425-2510